Victor J. BAPTIST, Plaintiff–Appellant,

v.

Charles HINSLEY, et al., Defendants–Appellees.

No. 03–2877.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 6, 2004.*

Decided Aug. 5, 2004.

Victor J. Baptist, Tamms, IL, pro se.

Carl Elitz, Chicago, IL, for Defendants–Appellees.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

ORDER

Illinois inmate Victor Baptist brought suit under 42 U.S.C. § 1983, alleging in relevant part that officials at Tamms Correctional Center were deliberately indifferent to his exposure to cold temperatures in violation of the Eighth Amendment. The district court granted summary judgment to the defendants. Baptist appeals, and we affirm.

Baptist's action arises out of two instances in which prison officials removed his personal property from his cell and left him either nude or with underwear and without any blankets or sheets. In October 1999 Baptist was placed in a so-called "strip cell" for approximately seventy-two hours; in February 2000 the restriction lasted approximately forty-eight hours. Baptist says that during those periods cold air blew from the prison ventilation system and his cell was extremely cold. He contends that on one occasion his mattress was also removed from his cell and he was

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

forced to sleep on the concrete floor. During both periods Baptist experienced some heat from the sun during the day and was able to remain warm at other times by pacing around his cell. Although each of the defendants either gave or implemented the orders to remove Baptist's personal property from his cell, Baptist admits that he did not inform any of them that the cell was cold. He does maintain that he informed several staff members about the problem, but he has not sued those individuals. In granting summary judgment the district court noted that Baptist had raised a genuine issue of material fact regarding the cold conditions in his cell but granted summary judgment to the defendants because Baptist could not show that the defendants knew his cell was cold and so he could not prove that they were deliberately indifferent to his exposure to the cold. Although he was counseled in the district court, Baptist proceeds *pro se* on appeal.

In this court Baptist challenges the district court's conclusion that he did not marshal sufficient evidence to show that the defendants were aware of and deliberately indifferent to his lack of protection from the cold temperature in his cell. The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates," *Farmer v. Brennan*, 511 U.S. 825, 832–33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), and includes the right to adequate shelter and protection from "extreme" cold, *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir.1997). To prove an Eighth Amendment violation, Baptist would have to show that prison officials knew of and disregarded " 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " *Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir.2002) (quoting *Farmer*, 511 U.S. at 837). We

review the district court's decision *de novo,* drawing all reasonable inferences in Baptist's favor. *Palmer v. Marion County,* 327 F.3d 588, 592 (7th Cir.2003).

Baptist argues that the defendants should have known about the cold temperature in his cell and that their failure to discover and remedy the problem constituted deliberate indifference. But § 1983 "does not allow actions against individuals merely for their supervisory role of others," so a prison official cannot incur liability unless he was personally involved in the alleged deprivation. *Palmer,* 327 F.3d at 594. Though direct participation is not required, "there must at least be a showing that the [defendants] acquiesced in some demonstrable way in the alleged constitutional violation." *Id.*

Baptist admits that he did not inform the defendants about the cold temperature in his cell but contends that, since the defendants ordered his personal property removed from his cell, they should have known that he would be exposed to cold temperatures as a result. But Baptist argues that the defendants violated his constitutional rights not by removing his property but by forcing him to remain without any property in the cold cell. Thus, Baptist can succeed only if he could show that the defendants actually knew that the temperature in his cell was so cold as to subject him to substantial harm. *Cf. Dixon,* 114 F.3d at 644–45 (noting that to withstand summary judgment inmate must show that defendants knew about the cold temperatures and refused to remedy the problem). Because Baptist failed to produce any evidence linking the named defendants to the allegedly unconstitutional cell conditions, his Eighth Amendment claim fails and the district court properly granted summary judgment to the defendants.

**9**

For the foregoing reasons, we AFFIRM the judgment of the district court.

ILANA DIAMOND ROVNER, Circuit Judge, dissenting.

The decision in this case turns on Baptist's failure to inform the defendants that his lack of clothing and the temperature in his cell combined to subject him to extreme cold. It is true that Baptist did not inform the defendants of the temperature problem. But it was the defendants who ordered the removal of all or most of Baptist's clothing before placing him in the "strip cell" during the winter months. And a reasonable jury could have inferred that the defendants should have known that forcing Baptist to remain in the cell without any clothing or blankets to combat the cold temperatures could expose him to temperatures so extreme as to violate his right to protection from extreme cold. *See Farmer v. Brennan,* 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (noting that "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious"); *Proffitt v. Ridgway,* 279 F.3d 503, 506 (7th Cir.2002).

We have previously noted that the fact-intensive inquiry into whether "the severity of the cold, in combination with the length of time which the inmate had to endure it, was sufficient to violate the Eighth Amendment" is very often inappropriate for summary judgment. *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir.1997). Because I believe that the defendants could have inferred that without any clothing Baptist would be subject to extreme cold, I would remand the case to the district court to determine whether the conditions in Baptist's "strip cell" violated the Eighth Amendment. *See id.* (noting that a prisoner exposed to cold temperatures without "alternative means of keeping warm" could state a claim under the Eighth Amendment). I respectfully dissent.